# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2016

Lyle W. Cayce
Clerk

MICHAEL WIGGINS,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6751

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Wiggins, Louisiana prisoner # 454568, was convicted after a bench trial of second degree murder and sentenced to life in prison. The case against him rested principally on the testimony of the victim's wife, who identified Wiggins as the shooter. Wiggins sought to suppress the identification as tainted by a suggestive photographic lineup, but his claim was rejected by the state courts. He then filed a 28 U.S.C. § 2254 habeas corpus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition raising the same claim, as well as another claim not at issue here, but the district court denied relief. The district court granted a certificate of appealability solely as to Wiggins's claim that the introduction of evidence relating to the suggestive identification violated his constitutional rights.

We review factual findings for clear error, and we review de novo questions of law and mixed questions of law and fact. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). We defer to the state court's decision as required by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)-(e). *See Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Because a state court denied Wiggins's claim on the merits, the AEDPA bars habeas relief unless Wiggins shows that the state court "erred so transparently that no fairminded jurist could agree with that court's decision." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (per curiam).

The Supreme Court has held that the Constitution mandates exclusion of testimony regarding a photographic lineup only if "law enforcement officers use[d] an identification procedure that is both suggestive and unnecessary" and "improper police conduct created a substantial likelihood of misidentification." *Perry v. New Hampshire*, 132 S. Ct. 716, 724 (2012). The state court considered the reliability of the identification of Wiggins as the shooter in light of the factors listed by the Supreme Court in *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). "Where the indicators of [a witness's] ability to make an accurate identification are outweighed by the corrupting effect of law enforcement suggestion, the identification should be suppressed." *Perry*, 132 S. Ct. at 724. The state court determined that the identification was sufficiently reliable such that its use at trial was not unconstitutional. Given the kinds of suggestive identifications that the Supreme Court has concluded are constitutionally admissible, *see, e.g.*, *Brathwaite*, 432 U.S. at 104-17,

No. 15-30055

Wiggins fails to show that the reliability of the identification in his case was so clearly outweighed by the corrupting effect of the challenged identification procedure that "no fairminded jurist could agree" with the state court's decision. *Dixon*, 132 S. Ct. at 27.

AFFIRMED.